{¶ 44} I respectfully dissent.
 {¶ 45} The majority is correct — the state cannot shift the burden of proof as to an element of an offense onto the defendant.
 {¶ 46} This case, however, concerns a contextual challenge of the constitutionality of Painesville City Ordinance 513.15, not a facial challenge. The issue in this case is whether the state proffered evidence of appellant's specific intent to engage in drug related activity when appellant beckoned to and approached Detective Levicki. The state proffered evidence of appellant's specific intent, including Detective Levicki's testimony that appellant (1) waived his arms and hollered as he approached the unmarked vehicle, (2) said something to the effect of "make it quick because there are cops in the area," and (3) dropped something from his clenched fist, which appeared to be crack cocaine. This circumstantial evidence is sufficient to support the court's finding of a violation of Painesville City Ordinance 513.15, without reliance on the irrebuttable presumption language in that ordinance.
 {¶ 47} Since the state produced evidence from which the court could find appellant's specific intent to engage in a drug-related activity, appellant was not prejudiced by the irrebuttable presumption language in the ordinance. Cf. Women's Med. Professional Corp. v. Voinovich (C.A.6, 1997), 130 F.3d 187, 193 ("[i]f a statute is unconstitutional as applied, the State may continue to enforce the statute in different circumstances where it is not unconstitutional").
 {¶ 48} For these reasons, the judgment of the Painesville Municipal Court should be affirmed.